UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JON PHELPS,<br><br>                Plaintiff,<br><br>v.<br><br>SECRETARY OF TREASURY,<br><br>                Defendant. | CIVIL ACTION NO. 1:22-CV-00271<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* Plaintiff Eric Jon Phelps ("Phelps") initiated this action by filing a complaint on January 13, 2022, against Defendant Secretary of the Treasury, seeking a "full accounting of all trust property, administered by the Secretary of Treasury, trustee, being held in the name of 'ERIC JON PHELPS,' Federal I.D. No.: XXXXX4519," (the "Trust").[1] (Doc. 1). After paying the required filing fee, Phelps filed three petitions and motions to seal this case. (Doc. 5; Doc. 6; Doc. 10). Phelps has also filed a "motion for the Court to order service of process by a marshal of the United States" and a "motion for the Court to sit in Article III judicial power to provide civilian due process of law in 'Old' American Exclusive Equity Jurisdiction in Chambers."[2] (Doc. 7; Doc. 8). For the following reasons, Phelps's motions shall be denied.

---

[1] Initially, Phelps filed the complaint as a non-civil, miscellaneous action and paid the required filing fee. (Doc. 1). However, on February 23, 2022, the Clerk of Court transferred the case to a civil action, refunded the miscellaneous action filing fee, and directed Phelps to pay the filing fee for a civil action. (Doc. 2).

[2] Phelps's motion requesting the Court to sit in "Article III 'Old' American Exclusive Equity Jurisdiction" will be DENIED as improper. (Doc. 8). Federal courts are courts of limited jurisdiction, and "it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977). Under this continuing obligation to assess its subject matter jurisdiction, the Court can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding. *Carlsberg Res. Corp.*, 554 F.2d at 1256. Here,

I.    **MOTIONS TO SEAL**

Phelps filed three motions to seal on February 25, 2022, March 1, 2022, and March 2, 2022, respectively. (Doc. 5; Doc. 6; Doc. 10). Specifically, Phelps requests that the full accounting of the Trust "be sealed, ex parte, in Chambers, without the public, without publication of the press, excluding spectators and 'enemies' of this Court." (Doc. 5, ¶ 2; Doc. 6, ¶ 2; Doc. 10, ¶ 2). For various reasons, Phelps requests that the Court permanently seal this case. (Doc. 5, at 5; Doc. 6, at 6; Doc. 10, at 6). Although Phelps's request to seal is spread across three motions, the arguments are identical. Therefore, the Court will address the motions collectively.

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The right to access "envisions 'a pervasive common law right to inspect and copy public records and documents, including judicial records and documents.' " *In re Cendant Corp.*, 260 F.3d at 192 (quoting *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). The filing of a document with the Court "clearly establishes [its] status" as a judicial record. *In re Cendant Corp.*, 260 F.3d at 192. In ordinary civil litigation, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir.

---

although the Court notes that jurisdiction may not be established, considerations of efficiency, fairness, and judicial economy weigh against a wholesale dismissal of the action at this stage. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 836 (1989) ("[R]equiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention.").

1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "A party who seeks to seal an entire record faces an even heavier burden." *Miller*, 16 F.3d at 551.

The presumption favoring public access can be overcome only if the party seeking the sealing of records shows "good cause" that "disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1999) (quoting *Publicker Indus.*, 733 F.2d at 1071). The Third Circuit recognizes certain factors, "which are neither mandatory nor exhaustive" to consider when determining if "good cause" exists, including:

> (1) whether disclosure will violate any privacy interests;
> (2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> (3) whether disclosure of the information will cause a party embarrassment;
> (4) whether confidentiality is being sought over information important to public health and safety;
> (5) whether the sharing of information among litigants will promote fairness and efficiency;
> (6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> (7) whether the case involves issues important to the public.
>
> *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

The overarching aim of this analysis is to balance private interests with public interests. *Glenmede Trust Co.*, 56 F.3d at 483.

Phelps contends that he will be harmed by public disclosure of the filings in this action to members of the public, the press, spectators, and "enemies" of the Court. (Doc. 5, ¶ 2; Doc. 6, ¶ 2; Doc. 10, ¶ 2). However, Phelps is unable to articulate any specific, cognizable injury from such dissemination. Under *Pansy*, " '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning' do not support a good cause showing." *Pansy*, 23 F.3d at 786. Phelps does not describe his harm other than in generalized assertions that public "persons" have no equitable interest by nature in this action and the full accounting of the

3

Trust. (Doc. 5, ¶ 4; Doc. 6, ¶ 4; Doc. 10, ¶ 4). Specifically, Phelps avers that Court must seal this action for the following reasons: (1) "persons" of "the public" are not parties to the Trust and do not have a private legal or equitable interest by nature in said trust; (2) an accounting of the Trust "does not concern a public interest or public policy;" and (3) sealing the action is necessary to prevent the comingling of Phelps's "constitutional citizenship status," "constitutionally-secured, private, equitable trust interests by nature," and "constitutional right to civilian due process of law in exclusive, Article III, Section 2, Subdivision 1, 'Old' American Equity jurisdiction, with the commingling of the statutory privileges of individual members of the new 'public.'" (Doc. 5, ¶¶ 6, 7, 13; Doc. 6, ¶¶ 6, 7, 13; Doc. 10, ¶¶ 6, 7, 13).

In considering the issues in this case, the public interest in disclosure is minimal, apart from the general interest in maintaining open judicial proceedings. In addition, the judicial proceedings here are also limited, as Phelps only seeks a full accounting of the Trust. *See Pansy*, 23 F.3d at 788 ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."). The Trust is a private trust in the name of Phelps that is administered by the Secretary of the Treasury. As the Secretary of the Treasury presumably already possesses the Trust documents, there does not appear to be an issue of fairness or efficiency between the litigations.

It would seem that Phelps has a reasonably significant privacy interest in this action and the full accounting of the Trust. "[T]he interest in privacy is very important to the balancing test." *Zurich American Ins. Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 503 (E.D. Pa. 2004) (citing *Pansy*, 23 F.3d at 787). However, "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194. Phelps does not assert that his significant privacy interests are threatened and merely states

4

that sealing of the case is proper because the public does not have "private status, private rights, private titles, or private claims." (Doc. 5, ¶ 13; Doc. 6, ¶ 13; Doc. 10, ¶ 13). While Phelps has provided the Court with reasons to seal this case, he has not alleged with sufficient particularity the harm that would be averted by sealing the entire case record. *In re Cendant Corp.*, 260 F.3d at 194. In addition, there does not appear to be a risk of embarrassment if the filings in this action are disclosed. Therefore, Phelps has failed, therefore, to carry the heavy burden necessary to warrant sealing this entire action. *Miller*, 16 F.3d at 551. The Court finds that Phelps's presumed private interests in sealing this action do not outweigh public interests and that Phelps fails to establish "good cause" to overcome the presumption favoring public access. Accordingly, Phelps's motions to seal are denied. (Doc. 5; Doc. 6; Doc. 10).

II.  **MOTION FOR SERVICE OF PROCESS**

In the "motion for the Court to order service of process by a marshal of the United States," Phelps requests that the Court serve the Secretary of the Treasury by a United States marshal, deputy marshal, or some other person specially appointed by the Court, pursuant to Federal Rule of Civil Procedure 4(c)(3). (Doc. 7).

Previously, all process in federal civil litigation was served by the United States Marshals Service. *FROF, Inc. v. Harris*, 695 F. Supp. 827, 828-29 (E.D. Pa. 1988). However, Rule 4 has been amended to generally allow service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" to the litigation. *See* Fed. R. Civ. P. 4(c)(2); *FROF*, 695 F. Supp. at 829. The purpose of this change was "to reduce the burden on the United States Marshal[s] Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." *See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 127 (1983) (advisory committee note to proposed Rule 4(c)). Thus, it is now the plaintiff who "is

responsible for having the summons and complaint served within the time allowed by Rule 4(m) and [who] must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Still, Rule 4 retains two exceptions under which the United States Marshals Service continues to serve summonses and complaints in civil litigation. *Tejada v. DelBalso*, No. 3:18-CV-01096, 2018 WL 6268202, at * 2 (M.D. Pa. Nov. 30, 2018). First, service by a United States marshal, deputy marshal, or some other person specially appointed by the Court is mandatory in *in forma pauperis* and seamen's suits. Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. §§ 1915(d), 1916. Second, at the plaintiff's request, service by a United States marshal, deputy marshal, or some other person specially appointed by the Court may be ordered by the Court at its discretion. Fed. R. Civ. P. 4(c)(3); *see also Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008).

Here, Phelps is not entitled to service by the United States Marshals Service as a matter of course because he has not been authorized to proceed *in forma pauperis* in this action and this is not a seamen's suit. *See* Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. §§ 1915(d),1916. Because Phelps is not proceeding *in forma pauperis* or as a seaman, the decision falls within the discretion of the Court. *See* Fed. R. Civ. P. 4(c)(3); *see also Koger*, 523 F.3d at 803.

Phelps has paid the full civil action filing fee to commence this action, and thus, "presumably has either the financial resources to retain a private process service or the assistance of friends or family who are not parties to this action." *Tejada*, 2018 WL 6268202, at * 2; *see* Fed. R. Civ. P. 4(c)(2). Moreover, Rule 4(d) permits Phelps to request that the Secretary of the Treasury waive formal service of process by mailing a written notice and request for waiver of service prior to attempting personal service, and if the Secretary of the Treasury fails to waive service without good cause, the Court is required to impose any

6

expenses later incurred in making personal service and any reasonable expenses incurred in collecting those service expenses. *Tejada*, 2018 WL 6268202, at * 2; *see* Fed. R. Civ. P. 4(d)(2). Nevertheless, the Court has not yet supplied Phelps with the necessary papers to serve the summons and complaint upon the Secretary of the Treasury. There is nothing in the record to suggest that Phelps has made any good faith effort to effectuate service of process or to request that the Secretary of the Treasury waive formal service.

Accordingly, in the exercise of the Court's discretion, Phelps's "motion for the Court to order service of process by a marshal of the United States" is denied. (Doc. 7).

III.   **CONCLUSION**

Accordingly, for the foregoing reasons, Phelps's motions to seal (Doc. 5; Doc. 6; Doc. 10) are **DENIED**, and the case record shall be **UNSEALED**. In addition, Phelps's "motion for the Court to order service of process by a marshal of the United States" (Doc. 7), and "motion for the Court to sit in Article III judicial power to provide civilian due process of law in 'Old' American Exclusive Equity Jurisdiction in Chambers" (Doc. 8) are **DENIED**. The Clerk of Court will be directed to issue summons and provide to Phelps for service upon the Secretary of the Treasury.

An appropriate Order follows.

BY THE COURT:

**Dated: March 14, 2022**      *s/ Karoline Mehalchick*
      **KAROLINE MEHALCHICK**
      **Chief United States Magistrate Judge**